UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
**LONSTEIN LAW OFFICE, P.C., JULIE**     :     **Civil Action No:**
**LONSTEIN, and WAYNE D. LONSTEIN,**     :
                                      :
                 **Plaintiffs,**     :     **AMENDED**
                                      :     **COMPLAINT**
                                      :
                 -against-     :
                                      :
**EVANSTON INSURANCE COMPANY and**     :
**MARKEL SERVICE, INCORPORATED,**     :
                                      :
                 **Defendants.**     :
------------------------------------------------------------X

        Plaintiffs, Lonstein Law Office, P.C., Julie C. Lonstein and Wayne D. Lonstein by their attorneys Nesenoff & Miltenberg, LLP, respectfully allege as follows, based upon their own knowledge as to their own acts and on information and belief as to all other matters:

## THE PARTIES

        1.      Plaintiffs, Lonstein Law Office, P.C., Julie C. Lonstein and Wayne D. Lonstein ("Plaintiffs") brings this action for, *inter alia*, a declaratory judgment pursuant to CPLR §3001 in order to resolve an actual justiciable controversy with Defendant Evanston Insurance Company ("Defendant") and Markel Service, Incorporated ("Defendant") over whether Defendants have any obligation to continue providing coverage to Plaintiffs in the defense of four (4) lawsuits filed against Plaintiff pursuant to a Lawyers Professional Liability Insurance Policy issued by Defendant in favor of Plaintiffs.

        2.      The Lonstein Law Office, P.C. is a corporation duly organized and existing under the laws of the State of New York with an address of 190 Main Street, Ellenville, New York 12428.

3. Julie C. Lonstein is an individual and a resident of the State of New York with a business address of 190 South Main Street, Ellenville, New York 12428.

4. Wayne D. Lonstein is an individual and a resident of the State of New York with a business address of 190 South Main Street, Ellenville, NY 12428.

5. Upon information and belief Defendant Evanston is a corporation and/or insurance company duly organized and existing under laws of a state other than New York, with a principle place of business in Deerfield, Illinois.

6. Upon information and belief, Evanston is licensed and authorized to sell insurance in the State of New York and does sell insurance in the State of New York.

7. Upon information and belief Defendant Merkel is a corporation and/or insurance company duly organized and existing under laws of a state other than New York, with a principle place of business in Deerfield, Illinois.

8. Upon information and belief, Merkel is the claim service manager for Evanston.

## VENUE AND JURISDICTION

9. Venue is appropriate pursuant to CPLR §503.

10. This Court has jurisdiction over Defendant's pursuant to CPLR §302.

## FACTUAL BACKGROUND

11. Evanston issued insurance policy no. LA806580 in favor of Plaintiff for insurance coverage during the period from June 1, 2013 to June 1, 2014 (the "Policy").

12. A true and correct copy of the Policy is annexed hereto as Exhibit "A".

13. The Policy provides for $1,000,000.00 for each claim and an aggregate limit of liability in the sum of $3,000,000.00.

14. Between 2006 and 2018, Plaintiffs represented, as attorneys, non-party DIRECTV, in the pursuit of claims and litigation against identified violators of DIRECTV's policies and federal statutes in the commercial misuse of DIRECTV programming..

15. Thereafter, Plaintiffs were named as co-defendants, along with DirectTV, in the actions set forth below.

16. On or about August 4, 2016, Doneyda Perez commenced a lawsuit in the United States District Court for the Central District of California, Southern Division, against, *inter alia*, Plaintiffs herein under Case no. 8:16-cv-01440 (the "Perez Action").

17. On or about November 23, 2016, Thu Hone Thi Nguyen a/k/a Thu-Thuy Nguyen individually and d/b/a US Nails commenced a third-party action (Plaintiffs herein were the attorneys representing the plaintiff in that action) in the United States District Court for the Northern District of Georgia, Atlanta Division, against, *inter alia*, Plaintiffs herein under Case no. 1:16-cv-01339-ELR (the "US Nails Action").[1]

18. On or about July 10, 2013 Brandon Roberson, Julie Roberson and ELR Dreams, LLC commenced an action in the District Court of the 68th Judicial District of Dallas, Texas State Court, against, *inter alia*, Plaintiffs herein under Case no. DC-13-07637 (the "Roberson Action").[2]

19. On or about November 20, 2015, Angela Joaquin commenced an action in the United States District Court of New Jersey against, *inter alia*, Plaintiffs herein under Case no. 3:15-cv-08194 (the "Joaquin Action"). The Perez Action, the US Nails Action, the Roberson Action and the Joaquin Action are hereinafter sometimes collectively referred to as the "Actions".

20. Plaintiffs timely provided written notice of the Actions to Defendants.

---

[1] The US Nails Action was dismissed on or about May 12, 2017.
[2] The Roberson Action was dismissed on or about August 17, 2015

3

21. Defendants provided legal representation to Plaintiffs pursuant to the Policy by engaging the law firms of Lewis Brisbois (the Joaquin Action and the Perez Action), Campbell & Chadwick (the Roberson Action), and Hall Booth and Smith (the US Nails Action).

22. The Roberson Action and the US Nails Action have each been either settled or dismissed and the only remaining and pending actions requiring defense pursuant to the Policy are the Perez Action and the Joaquin Action.

23. By letter dated July 31, 2020 Defendants notified Plaintiffs that the Policy limit of $1,000,000.00 was exceeded by the payment of legal fees and/or expenses and Evanston's obligations pursuant to the Policy expired (the "July 31, 2020 Letter").

24. The July 31, 2020 Letter wrongly asserts that each of the Actions arise out of a series of related Wrongful Actions and wrongly concludes that the Actions should be treated as a single claim/occurrence as defined in the Policy.

25. At the time the July 31, 2020 Letter was issued, Lewis Brisbois was engaged as Plaintiff's counsel in active litigations in the Perez and Joaquin Actions.

26. The July 31, 2020 Letter provided Plaintiffs with merely 72 hours' notice of the purported withdrawal of service by Markel and assigned counsel, Lewis Brisbois.

27. Contrary to Defendants' conclusion, each of the Actions do not arise out of a series of related Wrongful Actions.

28. Specifically, the allegations of events contained in each of the Actions occurred during different time periods with distinct and different facts and allegations.

29. The parties in each of the Actions are not related in any manner.

30. There is no factual nexus between the claims asserted in each of the Actions.

31.     A comparison of the claims asserted in each Action demonstrates that the basic element of each of the Actions is separate and distinct.  See Comparison of Claims, annexed hereto as Exhibit "B".

32.     Defendants are in default of their obligation under the Policy, by failing to provide continued coverage to the full limit of the Policy in the sum of $3,000,000.00.

33.     Plaintiffs paid the premium due for the Policy based upon its understanding that the Policy provided separate insurance coverage for each of the described Actions.

34.     On or about November 16, 2020, Plaintiffs received an email from Lewis Brisbois (the "Lewis Brisbois Email"), notifying Plaintiffs that Defendants failed to pay Invoice Numbers 2560348, 2617365, 2625784, 2654264, 2687655, 2705784 and 2730873, in the amounts of $318.00, $8,619.00, $6,488.00, $5,190.00, $5,054.00, $237.00 and $16,247.05 respectively totaling $42,153.05 (the "Denied Invoices").  The Denied Invoices were previously submitted to Defendants for payment and payment was denied.

35.     In the Lewis Brisbois Email, Lewis Brisbois further remitted to Plaintiffs Invoice Numbers 2761585 and 2793152, in the amounts of $37,856.20 and $21,748.10 respectively, totaling $59,604.30. The aforementioned invoices represent work performed by Lewis Brisbois in Plaintiffs' defense and not submitted to Defendants for payment.

36.     Currently, there remains the total outstanding amount of $101,757.35

37.     Upon information and belief, legal fees will continue to accrue on behalf of Plaintiffs in defense of the Perez and Joaquin Actions.

38.     Upon information and belief, Lewis Brisbois will seek to hold Plaintiffs liable for the Denied Invoices as well as all current and future legal fees accrued.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

39. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" though "38" as if fully set forth herein.

40. The Policy provides for separate defense coverage for each of the Actions.

41. By reason of Defendants notification of cessation of coverage set forth in the July 21, 2020 Letter, a present and actual controversy exists as to Defendants' obligation to defend Plaintiffs in the Actions.

42. Based upon the foregoing, Plaintiffs are entitled to a judgment pursuant to CPLR §3001 declaring that Evanston is obligated under the Policy to defend and indemnify Plaintiffs from the claims asserted in the Actions to the full extent of the Policy in the sum of $3,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

43. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" though "38" as if fully set forth herein.

44. The Policy constitute a valid contract between Plaintiffs and Evanston.

45. The Policy provides for separate defense and indemnification coverage for each of the Actions.

46. Defendants breached the Policy by, *inter alia*, withdrawing defense coverage and refusing to continue to defend and indemnify Plaintiff in the Actions.

47. Plaintiffs have satisfied all of their obligations imposed upon them by the Policy, including making the payment of the insurance premiums.

48. As a result of Defendants breach of its obligations pursuant to the Policy, Plaintiffs have sustained damages in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

49. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" though "38" as if fully set forth herein.

50. The Policy constitute a valid contract between Plaintiffs and Evanston.

51. The Policy provides for separate defense and indemnification coverage for each of the Actions.

52. Defendants breached the Policy by, *inter alia*, failing to pay the amounts due and owing to Lewis Brisbois for work performed in the defense of the Plaintiff in the total sum of $101,757.35 as of October 22, 2020.

53. As a result of the foregoing, Plaintiffs demand an order requiring Defendants to pay the outstanding invoices to Lewis Brisbois the sum of $101,757.35, plus any additional attorneys' fees and costs that will be incurred in Plaintiffs' defense of the Actions.

### AS AND FOR A FOURTH AND ALTERNATIVE CAUSE OF ACTION
### (Specific Performance)

54. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" though "38" as if fully set forth herein.

55. The Policy provides for $1,000,000.00 for each claim and an aggregate limit of liability in the sum of $3,000,000.00.

56. Notwithstanding Plaintiffs full compliance with their obligations pursuant to the Policy, Defendants have failed to provide coverage in the full amount of $3,000,000.00 as set forth in the Policy.

57. Based upon the foregoing, Plaintiffs are entitled to an order of specific performance directing the Defendants to withdraw their disclaimer of continued coverage and provide Plaintiffs with a defense to the full extent of the Policy in the sum of $3,000,000.00.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of Duty of Good Faith)

58. Plaintiffs repeat and realleges the allegations set forth in paragraphs "1" though "38" as if fully set forth herein.

59. As a result of the foregoing, Defendants have breached their duty to exercise good faith and fair dealing with Plaintiffs causing damages equal to the full amount of the Policy.

**WHEREFORE**, for the foregoing reasons, Plaintiffs demands judgment against Defendants as follows:

    a. On the First Cause of Action for judgment pursuant to CPLR §3001 declaring that Evanston is obligated under the Policy to defend and indemnify Plaintiffs from the claims asserted in the Actions to the full extent of the Policy in the sum of $3,000,000.00;
    b. On the Second Cause of Action for a judgment in an amount to be determined at trial;
    c. On the Third Cause of Action for an order requiring Defendants to pay the outstanding invoices to Lewis Brisbois the sum of $101,757.35, plus any additional attorneys' fees and costs that will be incurred in Plaintiffs' defense of the Actions.
    d. On the Fourth Cause of Action for an order directing the Defendants to withdraw their disclaimer of continued coverage and provide Plaintiffs with a defense to the full extent of the Policy in the sum of $3,000,000.00;
    e. On the Fifth Cause of action for a judgment in an amount equal to the full amount of the Policy in the sum of $3,000,000.00;
    f. For such other and further relief as the Court deems just and proper

**Dated: New York, New York**
   **November 18, 2020**

               **NESENOFF & MILTENBERG, LLP**
               *Attorneys for Plaintiffs*

           **By:** */s/ Andrew T. Miltenberg*
               Andrew T. Miltenberg, Esq.
               Amy Zamir, Esq. (of counsel)
               363 Seventh Avenue, 5th Floor
               New York, New York 10001
               Telephone: (212) 736-4500
               amiltenberg@nmllplaw.com
               azamir@nmllplaw.com