**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X
**LONSTEIN LAW OFFICE, P.C., JULIE** :
**LONSTEIN, and WAYNE D. LONSTEIN,** :
: **Civil Action No: 1:20-cv-09712-MKV**
**Plaintiffs,** :
: **SUMMONS**
         -against- :
:
**EVANSTON INSURANCE COMPANY,** :
**MARKEL SERVICE, INCORPORATED, and** :
**AT&T SERVICES, INC,** :
:
**Defendants.** :
------------------------------------------------------------------------X

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs' attorney, an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty [30] days after the service is complete if this summons is not personally delivered to you within the State of New York); and, in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**Dated: New York, New York**
         **April 15, 2021**

                                         **NESENOFF & MILTENBERG LLP**
                                         **Attorneys for Plaintiffs**


                                  By:   __/s/ Andrew T. Miltenberg____
                                         **Andrew T. Miltenberg, Esq.**
                                         **Amy Zamir, Esq.**
                                         **363 Seventh Avenue - Fifth Floor**
                                         **New York, New York 10001**
                                         **(212) 736-4500**

**TO:**    **Evanston Insurance Company**
          **10 Parkway N #100**
          **Deerfield, IL 60015**

          **Markel Service, Incorporated**
          **1185 Avenue of the Americas, 8th Floor**
          **New York, NY 10036**

          **AT&T Services, Inc.**
          **208 S. Akard St.**
          **Dallas, TX 75202**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
**LONSTEIN LAW OFFICE, P.C., JULIE** :    Civil Action No: 1:20-cv-09712-MKV
**LONSTEIN, and WAYNE D. LONSTEIN,** :
                                                    :    **SECOND AMENDED COMPLAINT**
                **Plaintiffs,** :
                      :
          **-against-** :
                      :
**EVANSTON INSURANCE COMPANY,** :
**MARKEL SERVICE, INCORPORATED and,** :
**AT&T SERVICES, INC,** :
                      :
               **Defendants.** :
-------------------------------------------------------------X

        Plaintiffs, Lonstein Law Office, P.C., Julie C. Lonstein and Wayne D. Lonstein by their attorneys Nesenoff & Miltenberg, LLP, respectfully allege as follows, based upon their own knowledge as to their own acts and on information and belief as to all other matters:

## THE PARTIES

        1.     Plaintiffs, Lonstein Law Office, P.C., Julie C. Lonstein and Wayne D. Lonstein ("Plaintiffs") brings this action for inter alia, a declaratory judgment pursuant to CPLR §3001 in order to resolve an actual justiciable controversy with Defendant Evanston Insurance Company ("Defendant") and Markel Service, Incorporated ("Defendant") over whether Defendants have any obligation to continue providing coverage to Plaintiffs in the defense of four (4) lawsuits filed against Plaintiff pursuant to a Lawyers Professional Liability Insurance Policy issued by Defendant in favor of Plaintiffs and against and AT&T Services, Inc. (AT&T) for indemnification, breach of contract and related claims for AT&T's failure to indemnify Defendant's pursuant to a certain Wind Down Agreement entered into between the parties.

2. The Lonstein Law Office, P.C. is a corporation duly organized and existing under the laws of the State of New York with an address of 190 Main Street, Ellenville, New York 12428.

3. Julie C. Lonstein is an individual and a resident of the State of New York with a business address of 190 South Main Street, Ellenville, New York 12428.

4. Wayne D. Lonstein is an individual and a resident of the State of New York with a business address of 190 South Main Street, Ellenville, NY 12428.

5. Upon information and belief Defendant Evanston is a corporation and/or insurance company duly organized and existing under laws of a state other than New York, with a principle place of business in Deerfield, Illinois.

6. Upon information and belief, Evanston is licensed and authorized to sell insurance in the State of New York and does sell insurance in the State of New York.

7. Upon information and belief Defendant Merkel is a corporation and/or insurance company duly organized and existing under laws of a state other than New York, with a principle place of business in Deerfield, Illinois.

8. Upon information and belief, Merkel is the claim service manager for Evanston.

9. Upon information and belief Defendant AT&T Services, Inc. is a corporation duly organized and existing under the laws of the State of Delaware with a principle place of business in Dallas Texas.

10. Upon information and belief Defendant AT&T Services, Inc. is authorized to do business in the State of New York.

11. Upon information and belief AT&T Services, Inc. is the successor-in-interest to DirecTV, Inc. ("DIRECTV").

## VENUE AND JURISDICTION

12. Venue is appropriate pursuant to 28 USC 1332.

13. This Court has jurisdiction over Defendants pursuant to 28 USC 1391.

## FACTUAL BACKGROUND

14. At all times relevant hereto, Defendant DIRECTV was and is engaged in the business of acquiring, promoting, selling and distributing digital entertainment (i.e. broadcast and premium television programming), primarily through satellite transmission to residential and commercial subscribers throughout the United States and issue bills to commercial and residential subscribers.

15. Upon information and belief, DIRECTV's practice of maintaining strict controls is to ensure that commercial establishments are correctly designated as such and residential accounts are similarly correctly designated.

16. Upon information and belief one of the primary objectives of the Commercial Misuse program is to ensure that DIRECTV is in compliance with the agreements it enters into with programmers such as HBO, Showtime and other private, in-home services who specifically prohibit exhibition of their content in commercial establishments. In fact, most programming for these residential services specially provide a warning that they are specifically not allowed to be exhibited in commercial or public settings.

17. Simply put, upon information and belief, DIRECTV does not have the right to sell and/or install residential programming in a commercial establishment. This is the crux of the claim for which plaintiff makes claim against DIRECTV.

18. Maintaining the aforementioned strict controls is crucial as DIRECTV does not have the right to provide residential programming to commercial establishments under numerous agreements it has with various broadcasters and programmers whose content it distributes.

19. At all relevant times hereto, Plaintiff Lonstein Law Office, P.C. ("LLO") was a law firm retained by DIRECTV since 2006 to identify, investigate and bring claims and/or civil actions against businesses or individuals throughout the United States who have illegally acquired and exhibited DIRECTV services within a commercial establishment without being authorized by DIRECTV to receive commercial programming.

20. On or about October 2, 2009, Plaintiffs entered into Retainer Agreement with DirectTV to represent the interests of DirectTV in the investigation and litigation of claims against individuals and entities for the commercial misuse and unauthorized exhibition of DIRECTV satellite programming services (the "Retainer Agreement").

21. Pursuant to the terms of the Retainer Agreement, DIRECTV agreed to "indemnify, defend and hold ATTORNEYS, its officers, directors, and employees, agents and affiliates harmless from any and all costs, expenses, liability, claims, judgments, lawsuits and demands related to the litigation of commercial misuse and fraud claims if CLIENT's representations regarding programming rights form the bases of the claims of misuse and fraud are determined to be invalid".

22. Thereafter, on or about February 15, 2019, Plaintiffs entered into a Wind Down Agreement with AT&T Services, Inc as successor to DIRECTV (the "Wind Down Agreement").

23. Pursuant to the Wind Down Agreement, at paragraph 5.01 "any and all claims for indemnification arising from any prior agreement or obligation between the Parties are excluded from Article 5."

24. Evanston issued insurance policy no. LA806580 in favor of Plaintiff for insurance coverage during the period from June 1, 2013 to June 1, 2014 (the "Policy").".

25. The Policy provides for $1,000,000.00 for each claim and an aggregate limit of liability in the sum of $3,000,000.00.

26. Thereafter, Plaintiffs were named as co-defendants, along with DIRECTV, in the actions set forth below.

27. On or about August 4, 2016, Doneyda Perez commenced a lawsuit in the United States District Court for the Central District of California, Southern Division, against, *inter alia*, Plaintiffs herein under Case no. 8:16-cv-01440 (the "Perez Action").

28. On or about November 23, 2016, Thu Hone Thi Nguyen a/k/a Thu-Thuy Nguyen individually and d/b/a US Nails commenced a third-party action (Plaintiffs herein were the attorneys representing the plaintiff in that action) in the United States District Court for the Northern District of Georgia, Atlanta Division, against, *inter alia*, Plaintiffs herein under Case no. 1:16-cv-01339-ELR (the "US Nails Action").[1]

29. On or about July 10, 2013 Brandon Roberson, Julie Roberson and ELR Dreams, LLC commenced an action in the District Court of the 68th Judicial District of Dallas, Texas State Court, against, *inter alia*, Plaintiffs herein under Case no. DC-13-07637 (the "Roberson Action").[2]

30. On or about November 20, 2015, Angela Joaquin commenced an action in the United States District Court of New Jersey against, *inter alia*, Plaintiffs herein under Case no. 3:15-cv-08194 (the "Joaquin Action"). The Perez Action, the US Nails Action, the Roberson Action and the Joaquin Action are hereinafter sometimes collectively referred to as the "Actions".

---

[1] The US Nails Action was dismissed on or about May 12, 2017.
[2] The Roberson Action was dismissed on or about August 17, 2015

31. Plaintiffs timely provided written notice of the Actions to Defendants.

32. Defendants Evanston and Merkel provided legal representation to Plaintiffs pursuant to the Policy by engaging the law firms of Lewis Brisbois (the Joaquin Action and the Perez Action), Campbell & Chadwick (the Roberson Action), and Hall Booth and Smith (the US Nails Action).

33. The Roberson Action and the US Nails Action have each been either settled or dismissed and the only remaining actions requiring defense pursuant to the Policy are the Perez Action and the Joaquin Action.

34. By letter dated July 31, 2020 Defendants Evanston and Merkel notified Plaintiffs that the Policy limit of $1,000,000.00 was exceeded by the payment of legal fees and/or expenses and Evanston's obligations pursuant to the Policy expired (the "July 31, 2020 Letter").

35. The July 31, 2020 Letter wrongly asserts that each of the Actions arise out of a series of related Wrongful Actions and wrongly concludes that the Actions should be treated as a single claim/occurrence as defined in the Policy.

36. At the time the July 31, 2020 Letter was issued, Lewis Brisbois was engaged as Plaintiff's counsel in active litigations in the Perez and Joaquin Actions.

37. The July 31, 2020 Letter provided Plaintiffs with merely 72 hours' notice of the purported withdrawal of service by Merkel and assigned counsel, Lewis Brisbois.

38. Contrary to Defendant Evanston and Merkel's conclusion, each of the Actions do not arise out of a series of related Wrongful Actions.

39. Specifically, the allegations of events contained in each of the Actions occurred during different time periods with distinct and different facts and allegations.

40. The parties in each of the Actions are not related in any manner.

41. There is no factual nexus between the claims asserted in each of the Actions.

42. A comparison of the claims asserted in each Action demonstrates that the basic element of each of the Actions is separate and distinct.

43. Defendants Evanston and Merkel are in default of their obligation under the Policy, by failing to provide continued coverage to the full limit of the Policy in the sum of $3,000,000.00.

44. Plaintiffs paid the premium due for the Policy based upon its understanding that the Policy provided separate insurance coverage for each of the described Actions.

45. On or about November 16, 2020, Plaintiffs received an email from Lewis Brisbois (the "Lewis Brisbois Email"), notifying Plaintiffs that Defendants failed to pay Invoice Numbers 2560348, 2617365, 2625784, 2654264, 2687655, 2705784 and 2730873, in the amounts of $318.00, $8,619.00, $6,488.00, $5,190.00, $5,054.00, $237.00 and $16,247.05 respectively totaling $42,153.05 (the "Denied Invoices"). The Denied Invoices were previously submitted to Defendants for payment and payment was denied.

46. In the Lewis Brisbois Email, Lewis Brisbois further remitted to Plaintiffs Invoice Numbers 2761585 and 2793152, in the amounts of $37,856.20 and $21,748.10 respectively, totaling $59,604.30. The aforementioned invoices represent work performed by Lewis Brisbois in Plaintiffs' defense and not submitted to Defendants for payment.

47. Currently, there remains the total outstanding amount of $101,757.35

48. Upon information and belief, legal fees will continue to accrue on behalf of Plaintiffs in defense of the Perez and Joaquin Actions.

49. Upon information and belief, Lewis Brisbois will seek to hold Plaintiffs liable for the Denied Invoices as well as all current and future legal fees accrued.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment Against Evanston and Merkel)**

7

50. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" though "47" as if fully set forth herein.

51. The Policy provides for separate defense coverage for each of the Actions.

52. By reason of Defendants notification of cessation of coverage set forth in the July 21, 2020 Letter, a present and actual controversy exists as to Defendants' obligation to defend Plaintiffs in the Actions.

53. Based upon the foregoing, Plaintiffs are entitled to a judgment pursuant to CPLR §3001 declaring that Evanston is obligated under the Policy to defend and indemnify Plaintiffs from the claims asserted in the Actions to the full extent of the Policy in the sum of $3,000,000.00.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract Against Evanston and Merkel)**

54. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" though "47" as if fully set forth herein.

55. The Policy constitute a valid contract between Plaintiffs and Evanston.

56. The Policy provides for separate defense and indemnification coverage for each of the Actions.

57. Defendants breached the Policy by, *inter alia*, withdrawing defense coverage and refusing to continue to defend and indemnify Plaintiff in the Actions.

58. Plaintiffs have satisfied all of their obligations imposed upon them by the Policy, including making the payment of the insurance premiums.

59. As a result of Defendants breach of its obligations pursuant to the Policy, Plaintiffs have sustained damages in an amount to be determined at trial.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Breach of Contract Against Evanston and Merkel)**

60. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" though "47" as if fully set forth herein.

61. The Policy constitute a valid contract between Plaintiffs and Evanston.

62. The Policy provides for separate defense and indemnification coverage for each of the Actions.

63. Defendants breached the Policy by, *inter alia*, failing to pay the amounts due and owing to Lewis Brisbois for work performed in the defense of the Plaintiff in the total sum of $101,757.35 as of October 22, 2020.

64. As a result of the foregoing, Plaintiffs demand an order requiring Defendants to pay the outstanding invoices to Lewis Brisbois the sum of $101,757.35, plus any additional attorneys' fees and costs that will be incurred in Plaintiffs' defense of the Actions.

### AS AND FOR A FOURTH AND ALTERNATIVE CAUSE OF ACTION
### (Specific Performance Against Evanston and Merkel)

65. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" though "47" as if fully set forth herein.

66. The Policy provides for $1,000,000.00 for each claim and an aggregate limit of liability in the sum of $3,000,000.00.

67. Notwithstanding Plaintiffs full compliance with their obligations pursuant to the Policy, Defendants have failed to provide coverage in the full amount of $3,000,000.00 as set forth in the Policy.

68. Based upon the foregoing, Plaintiffs are entitled to an order of specific performance directing the Defendants to withdraw their disclaimer of continued coverage and provide Plaintiffs with a defense to the full extent of the Policy in the sum of $3,000,000.00.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of Duty of Good Faith Against Evanston and Merkel)

69. Plaintiffs repeat and realleges the allegations set forth in paragraphs "1" though "47" as if fully set forth herein.

70. As a result of the foregoing, Defendants have breached their duty to exercise good faith and fair dealing with Plaintiffs causing damages equal to the full amount of the Policy.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Declaratory Judgment Against DIRECTV)

71. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" though "47" as if fully set forth herein.

72. The Retainer Agreement provides for DIRECTV to indemnify, defend and hold Plaintiffs harmless from any and all costs, expenses, liability, claims, judgments, lawsuits and demands related to the litigation of commercial misuse and fraud claims.

73. DIRECTV has failed to indemnify, defend or hold Plaintiffs harmless, despite due demand.

74. Based upon the foregoing, Plaintiffs are entitled to a judgment pursuant to CPLR §3001 declaring that DIRECTV is obligated under the Retainer Agreement defend, indemnify, and hold Plaintiff harmless from any and all costs, expenses, liability, claims, judgments, lawsuits and demands related to the claims asserted in the Actions, including all costs and attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Breach of Contract Against DIRECTV)

75. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" though "47" as if fully set forth herein.

76. The Retainer Agreement constitutes a valid contract between Plaintiffs and DIRECTV.

77. The Retainer Agreement provides for DIRECTV to indemnify, defend and hold Plaintiff harmless from any and all costs, expenses, liability, claims, judgments, lawsuits and demands related to the litigation of commercial misuse and fraud claims.

78. Defendant DIRECTV is in breach of its obligations under the Retainer Agreement refusing to continue to indemnify, defend and hold harmless Plaintiff in the Actions.

79. Plaintiffs have satisfied all of their obligations imposed upon them by the Retainer Agreement.

80. As a result of Defendants breach of its obligations pursuant to the Retainer Agreement, Plaintiffs have sustained damages in an amount to be determined at trial.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Specific Performance Against DIRECTV)

81. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" though "47" as if fully set forth herein.

82. The Retainer Agreement provides for DIRECTV to indemnify, defend and hold Plaintiff harmless from any and all costs, expenses, liability, claims, judgments, lawsuits and demands related to the Actions.

83. Based upon the foregoing, Plaintiffs are entitled to an order of specific performance directing DIRECTV to indemnify, defend and hold Plaintiff harmless from any and all costs and expenses, related to the litigation of commercial misuse and fraud claims.

### AS AND FOR A NINTH CAUSE OF ACTION
### (Breach of Duty of Good Faith Against DIRECTV)

84. Plaintiffs repeat and realleges the allegations set forth in paragraphs "1" though "47" as if fully set forth herein.

85. As a result of the foregoing, DIRECTV has breached its duty to exercise good faith and fair dealing with Plaintiffs causing damages in an amount to be determined by the Court.

**WHEREFORE**, for the foregoing reasons, Plaintiffs demands judgment against Defendants as follows:

a. On the First Cause of Action against Evanston and Merkel for judgment pursuant to CPLR §3001 declaring that Evanston is obligated under the Policy to defend and indemnify Plaintiffs from the claims asserted in the Actions to the full extent of the Policy in the sum of $3,000,000.00;
b. On the Second Cause of Action against Evanston and Merkel for a judgment in an amount to be determined at trial;
c. On the Third Cause of Action against Evanston and Merkel for an order requiring Defendants to pay the outstanding invoices to Lewis Brisbois the sum of $101,757.35, plus any additional attorneys' fees and costs that will be incurred in Plaintiffs' defense of the Actions.
d. On the Fourth Cause of Action against Evanston and Merkel for an order directing the Defendants to withdraw their disclaimer of continued coverage and provide Plaintiffs with a defense to the full extent of the Policy in the sum of $3,000,000.00;
e. On the Fifth Cause of action against Evanston and Merkel for a judgment in an amount equal to the full amount of the Policy in the sum of $3,000,000.00;
f. On the Sixth Cause of Action against DIRECTV for judgment pursuant to CPLR §3001 declaring that DIRECTV is obligated under the Retainer Agreement defend, indemnify and hold harmless Plaintiffs from the claims asserted in the Actions including costs and attorneys' fees;
g. On the Seventh Cause of Action against DIRECTV for a judgment in an amount to be determined at trial;
h. On the Eighth Cause of Action against DIRECTV for an order requiring Defendants to indemnify defend and hold harmless Plaintiff for all costs and expenses related to the Actions;
i. On the Ninth Cause of Action against DIRECTV in an amount to be determined by the Court;
j. For such other and further relief as the Court deems just and proper

**Dated: New York, New York**
     **April 15, 2021**

                                                **NESENOFF & MILTENBERG, LLP**
                                                *Attorneys for Plaintiffs*

                                        **By:**   */s/ Andrew T. Miltenberg*

Andrew T. Miltenberg, Esq.
Amy Zamir, Esq. (of counsel)
363 Seventh Avenue, 5th Floor
New York, New York 10001
Telephone: (212) 736-4500
amiltenberg@nmllplaw.com
azamir@nmllplaw.com